Weygandt, C. J.,
dissenting. In the majority opinion appears the statement that “the trial court overruled the motion because the defendant had not proceeded under Section 2325.01, Revised Code, relative to vacation of a judgment after term * # However, the opinion of the Court of Appeals contains the following statement exactly to the contrary:
“Prom the journal entry of judgment before this court, and from the record, it thus appears that the trial court did not hold ‘that a motion to vacate a judgment after term is not permissible where the ground for vacation is that the judgment is void for want of jurisdiction of the persons of the defendants,’ but on the contrary, considered such procedure as being proper, and proceeded to consider the mixed question of law and fact as to whether the agent of defendant had the authority to exercise the warrant for the confession of judgment on which jurisdiction over the person of defendant was founded in the original action.”
Hence, that procedural question is not before this court, as assumed in the second paragraph of the syllabus.
On the question of the extent of the authority of the defendant’s agent, a letter signed by one of the partners stated *550 that “this letter will give yon authority to act as our commission agent to sign the agreements, as prepared by the Peoples Banking Co. of McComb, Ohio.” Furthermore, the defendant admits that its agent was authorized to sign promissory notes in the performance of his agency but insists that this was limited to ordinary notes not containing a warrant of attorney. The defendant’s letter contains no srich limitation of authority although the agent was to operate in a state where cognovit notes are lawful and in general use by banks in making loans. Under these circumstances it seems hardly consistent for the defendant to disavow the authority of the agent of its own selection and after having had the benefit of the transactions conducted by him. The opinion of the Court of Appeals contains the following pertinent comment:
“The judgment raises a presumption that it was properly rendered, that the trial court rightfully determined the issue; that the judgment was rendered upon sufficient ground and that every fact necessary to sustain it was brought before the court. In the instant case the trial court, as shown by the bill of exceptions, had before it all facts necessary for a full determination of the issues involved both on the question of agency and also as to the extent of the authority of such agent. From the evidence contained in the bill of exceptions reasonable men might differ in their conclusions relating to the agency and the extent of the authority of the agent and we cannot say that the judgment of the trial court is against the weight of the evidence.”
It would seem that the judgments of the Court of Appeals should be affirmed.
Herbert, J., concurs in the foregoing dissenting opinion.